**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOEL MURRAY,

                                   Petitioner,

        -v.-                                              9:07-CV-1010
                                                                    (FJS)(RFT)

KENNETH PERLMAN,

                                   Respondent.

**APPEARANCES:**                       **OF COUNSEL:**

JOEL MURRAY
00-A-1884
Petitioner, *Pro se*
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

HON. ANDREW M. CUOMO             ALYSON J. GILL, ESQ.
New York State Attorney General       Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**UNITED STATES MAGISTRATE JUDGE**

### DECISION and ORDER

       Petitioner Joel Murray filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Pet. Respondent filed a Response. Dkt. Nos. 9 & 10. Petitioner challenges a judgment entered in Franklin County Court on October 26, 2001 convicting him, after a guilty plea, of attempted promotion of prison contraband. Pet. at ¶¶ 1-6 Petitioner was sentenced to an indeterminate prison term of one and one-half to three years. *Id*. at ¶ 3. The New York Supreme Court, Appellate Division, Third Department, affirmed his conviction. *Id.* at ¶ 9; *People v. Murray*, 807 N.Y.S.2d 473 (3rd Dept. 2006). The New York Court of Appeals denied him leave to appeal on May 9, 2006. *See People v. Murray*, 850 N.E.2d 678 (N.Y. 2006). In support of his Petition,

Petitioner alleges that (1) he was subjected to vindictive prosecution; (2) he was denied effective assistance of trial counsel; (3) his guilty plea was not knowingly, voluntarily, and intelligently made; (4) the trial court erred by denying his motion to vacate without a hearing; (5) the trial court erred in refusing to assign petitioner new counsel on his motion to withdraw his plea; and (6) he was denied due process by reason of a seven-month delay between the alleged commission of the crime and his arraignment.

Currently before the Court is Petitioner's request to stay his *Habeas* Petition. Dkt. No. 15. He appears to claim that the Franklin County District Attorneys Office violated Petitioner's plea agreement when it sent a letter to the New York State Parole Board recommending that Petitioner be denied parole. Dkt. No. 15 at p. 2. Respondent has submitted no response to the request.

In *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), the Second Circuit ruled that, when presented with a petition containing both exhausted and unexhausted claims, the district court may dismiss a petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *See id.* at 380. However, if dismissal would "jeopardize the timeliness of a collateral attack," the district court should stay the petition. *Id.*. The United States Supreme Court has approved the stay and abeyance procedure with limitations. *See Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court outlined the requirements for the grant of a stay and abeyance while a *habeas* petitioner exhausts additional claims in state court. Among other things, the Court determined that a stay should not be granted where the unexhausted claim is meritless. *Id*. at 277. The *Rhines* court also stated that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*.

Petitioner's stay request contains insufficient information to grant a stay and abeyance under *Rhines*. While Petitioner claims that the District Attorney recommended to the Parole Board that Petitioner be denied parole – a claim which appears to be wholly unrelated to Petitioner's challenge to his underlying conviction – he does not indicate that he intends to exhaust this claim, or any other claim, in state court. Moreover, Petitioner does not demonstrate "good cause" for his failure to exhaust all of his available state claims earlier.

In light of Petitioner's failure to provide the Court with necessary information to determine the merits of any new claims that he wishes to exhaust or good cause for failure to exhaust earlier, Petitioner's request for a stay is **denied**.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's request for a stay (Dkt. No. 15) is **DENIED** for the reasons set forth above; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date:  October 21, 2008
       Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge